Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel:(949) 263-5992
Facsimile:(949) 209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
Lisa Sanchez and the Proposed Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Lisa Sanchez, an individual on behalf of herself and all others similarly situated and the general public,<br><br>                    Plaintiff<br>        v.<br><br>Trader Joe's Company; T.A.C.T. Holding, Inc. and DOES 1 through 25, inclusive.<br><br>                    Defendants. | Case No. 2:18-cv-6040<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, LISA SANCHEZ, WHO HEREBY ALLEGES THE FOLLOWING:

Lisa Sanchez ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Trader Joe's Company and Trader Joe's East Inc. ("Defendants").  The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.    Plaintiff files this class action lawsuit on behalf of herself and all similarly situated persons who purchased "*Trader Joe's T's & J's Sour Gummies*" (the "Product") that are branded, manufactured, distributed, marketed and sold by Trader Joe's Company and T.A.C.T. Holding, Inc.

2.    Plaintiff brings this action on behalf of herself and a California and Nationwide proposed class of purchasers of the Product for violations of the California Consumer Legal Remedies Act, the California False Advertising Law, the California Unfair Competition Law, breach of express warranty, breach of the implied warranty of merchantability and for fraud and negligent misrepresentation.

## PARTIES

3.    Plaintiff, Lisa Sanchez ("Plaintiff "), is a citizen of California, who resides in the county of Los Angeles.  Plaintiff has purchased the Product regularly over the past few years and thereby altered her position in an amount equal to the amount she paid for the Product. Plaintiff and the Proposed Class would not have purchased or paid a premium for the Product had they known that the ingredients and product claims disclosed on the labels and packaging, through Defendant's branding and website materials were false, deceptive and misleading.

4.    Defendant, Trader Joe's Company, is a California corporation with its headquarters in Monrovia, California.

**CLASS ACTION COMPLAINT**

5.      Defendant, T.A.C.T. Holding, Inc., is a California corporation with its headquarters in Monrovia, California.

6.      Defendants Trader Joe's Company and T.A.C.T. Holding, Inc. are hereinafter referred to collectively as the "Defendants" or "Trader Joe's".

7.      The Product that is the subject of this action is manufactured, packaged, marketed, distributed and sold by the Defendants via Trader Joe's grocery stores located in California and throughout the United States.

8.      The Defendants make false, deceptive and misleading claims regarding ingredients used in and characteristics of the Product.  Defendants created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Product that falsely claim they consist of only natural ingredients, "no artificial flavors" and conceals the fact that the Product contains DL-malic acid, a harmful artificial and synthetic flavor additive.

9.      That the true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

10.      On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendants and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

**CLASS ACTION COMPLAINT**

11.     On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

12.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendants' officers, directors, and high-level employees caused the Product to be sold with knowledge or reckless disregard that the statements and representations concerning the Product were false and misleading.

13.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendants.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

15.     Plaintiff is a citizen of California and this Court has personal jurisdiction over Defendants because Defendants conduct business in California and otherwise intentionally avail themselves of the markets in California so as to render the exercise of jurisdiction by this Court proper.  Defendants have marketed, promoted, distributed, and sold the Product in California and in this District, which is where Plaintiff purchased Defendants' Product.  Furthermore, both Defendants are registered California corporations.

**CLASS ACTION COMPLAINT**

16.    Pursuant to 28 U.S.C. §1391(b), this Court is the proper venue since the Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

17.    Plaintiff is familiar with claims made on Defendants' website with respect to its privately labeled Trade Joe's products and the general culture created by Defendants with regard to its privately labeled Trader Joe's products.

18.    The popularity of fruits may be attributed to consumer perception of their health benefits.  Fruits are rich in dietary fiber, phytonutrients, and antioxidants, and are an important source of vitamins and carbohydrates.

19.    Prior to making any purchase of the Product, Plaintiff only viewed the front of the packaging of the Product prior to making the purchase of the Product.  Plaintiff has purchased the Product several times in the past four years from various Trader Joe locations throughout Los Angeles in the state of California.  Plaintiff's preference for healthy snacks is similar to other consumers seeking health and wellness benefits, which is why the Plaintiff has sought out and been willing to shop at Trader Joes' and pay a higher premium price for the Product. Plaintiff purchased and paid a premium therefore in reliance on the labeling of the Product and general natural claims propagated through Defendants' branding of its private labeled products in its stores and on the Trade Joe's website.

20.    The Defendants' claims are known within the Trader Joe culture of consumers as a result of how Trader Joe's brands its private labeled products.  Moreover, the printed reference son the front labeling/packaging affixed to the Product specifically names fruits (Lemon, Lime, Grapefruit, Tangerine), giving the impression that the Product is natural.  Furthermore, Trader Joe's represents prominently on its website that its branded products, including the Product, contain "NO artificial flavors," which Trader Joe's defines as follows: "[a]rtificial flavors are synthetic chemical mixtures that mimic a natural flavor in some way. We use only 'natural

## CLASS ACTION COMPLAINT

flavors' in our products, which the FDA has defined as 'the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products there of, whose significant function in food is flavoring rather than nutritional.'"

21.    At all times, Plaintiff believed that she was purchasing Product with only natural ingredients and/or flavors. On information and belief, Plaintiff has the understanding that the Product contains non-natural ingredients.  Plaintiff would not have purchased or continued to purchase the Product, or would have purchased them but at a lesser price, absent the lack of disclosure and/or misleading statements and representations made by Defendants and Defendants' concealment of the harmful synthetic artificial flavors in the Product.

22.    Defendants manufacture and produce a variety of privately labeled products. Defendants claim that the Product per the packaging are made with natural ingredients, as is the claim for all Trader Joe's privately labeled products.  Plaintiff is specifically aware of this claim, as are all consumers of Defendants with respect to Defendants' privately labeled products.

23.    Defendants maintain a marketing campaign that its privately labeled products are only naturally flavored.  Defendants' campaign is prominent to where its consumers such as Plaintiff are aware that its privately labeled products do not contain artificial ingredients and/or flavoring.   The representations contained on Defendants' website confirms that its privately labeled products are only naturally flavored.  An excerpt from Defendants' website related to the ingredients contained in its privately labeled products is set forth below:

**CLASS ACTION COMPLAINT**

Trader Joe's private label products promise great quality fare for exceptional, everyday prices. We taste everything before we put our name on it and offer only what we feel is extraordinary. We tried it. We like it. If you don't, bring it back for a refund or exchange.

When you see our name on a label, you can be assured that the product contains:

- YES quality ingredients
- NO artificial flavors[1]
- NO artificial preservatives[2]
- YES colors derived only from naturally available products[3]
- NO MSG
- NO genetically modified ingredients
- NO partially hydrogenated oils (artificial trans-fats)
- NO "marketing" costs
- YES tasting panel approval
- YES great price

24.     Defendants also define the term "artificial flavors" on their website for additional support for its campaign promoting its privately labeled products.  An excerpt of Defendants' website related to its definition of "artificial flavoring" in its privately labeled products is set forth below:

1. Artificial flavors are synthetic chemical mixtures that mimic a natural flavor in some way. We use only "natural flavors" in our products, which the FDA has defined as "the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products there of, whose significant function in food is flavoring rather than nutritional."

- Oleoresin: A naturally occurring mixture of an oil and a resin extracted from various plants, such as pine or balsam fir.
- Protein Hydrolysate: the product of the decomposition of a protein by reaction with water.
- Enzymolysis: Biochemical decomposition, such as fermentation.

25.     The foregoing claims set forth Trader Joe's representation that the entire Product is made with natural ingredients, including natural flavors (hereinafter the "Claims"). Defendants fail to disclose on the front of the packaging and its ingredients that it contains non-natural ingredients and/or flavors, including DL-malic acid, a harmful petrochemical.

7

**CLASS ACTION COMPLAINT**

26.     The Claims made by the Defendants regarding the Product are false, misleading and deceptive.  The Product costs more than other similar products that do have misleading packing, labeling and advertising setting forth false Claims.  If the Defendants were enjoined from making the false Claims, the market demand and price for the Product would be reduced insofar as the market prices have been artificially inflated as a result of the false Claims.

27.     In addition to the known culture created by Defendants for their privately labeled Trader Joe products which is supported by statements on its website, images of the Product labels are set forth below, clearly reference the words "Lemon", "Grapefruit", "Lime", and "Tangerine" that created for Plaintiff and the Proposed Class the impression that the Product are made entirely from whole fruit ingredients and did not contain any non-natural ingredients or flavors.

28.     Images of the examples of the Product ingredients also fail to indicate that the Product's ingredients contain non-natural ingredients or flavors:



29.     The Product' listing of ingredients via the name of the fruits is deceptive, unlawful and misleading to reasonable consumers because the Product contains undisclosed artificial and synthetic flavors.

**CLASS ACTION COMPLAINT**

30.     Plaintiff contends that, despite the claims made by Defendants' related to its privately labeled products and the ingredients contained therein, the Product actually contains artificial flavoring. Defendants never disclosed to Plaintiffs or the class that the Product contained artificial ingredients, including, but not limited to artificial flavoring.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

31.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.* The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting natural claims and the disgorgement of all profits and/or restoration of monies wrongfully obtained through the Defendant's pattern of unfair and deceptive business practices as alleged herein. This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of its business.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

33.     Plaintiff seeks to represent the following Class and Sub-Class (hereinafter collectively the "Classes"):

> All persons residing in the United States who purchased *Trader Joe's T's & J's Sour Gummies* for personal use and not for resale during the time period July 11, 2014 through the present (the "Class")

> All persons residing in the State of California who purchased *Trader Joe's T's & J's Sour Gummies* for personal use and not for resale during the time period July 11, 2014 through the present (the "Sub-Class").

34.     The Classes comprise many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a

9

## CLASS ACTION COMPLAINT

class action will benefit the parties and the Court.  The Classes are sufficiently numerous because on information and belief, thousands to hundreds of thousands of units of the Product have been sold in the United States and State of California during the time period July 11, 2014, through the present (the "Class Period").

35.    Pursuant to FRCP 23(b)(3), there is a well-defined community of interest in this litigation and the Classes are easily ascertainable:

a.    <u>Numerosity</u>:  The members of the Classes are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the size of the Classes exceed thousands of members.

b.    <u>Typicality</u>:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the Classes with whom she has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Classes.

c.    <u>Adequacy</u>:  Plaintiff does not have a conflict with the Classes and is qualified to and will fairly and adequately protect the interests of each member of the Classes with whom she has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that she has an obligation to the Court to make known any relationship, conflict, or difference with any putative class member.  Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

d.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

36.    There exist common questions of law and fact that predominate over questions that may affect individual class members. Common questions of law and fact include, but are not limited to, the following:

**CLASS ACTION COMPLAINT**

a.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c.  Whether Defendants made false and misleading representations in the advertising and/or packaging of the Product;

d.  Whether Defendants knew or should have known that the Claims and Product label representations were false;

e.  Whether Defendants represented that the Product have characteristics, benefits, uses, or quantities which they do not have;

f.  Whether Defendants representations regarding the Product are false;

g.  Whether Defendants warranted the health and wellness of the Product by virtue of the Claims;

h.  Whether the Defendants breached warranties regarding the Product;

i.  Whether the Defendants committed statutory and common law fraud; and

j.  Whether Defendants' conduct as alleged herein constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.

37.  Plaintiff's claims are typical of the claims of the Classes, and Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

38.  Plaintiff and the Classes have suffered injury in fact and have lost money as a result of Defendants' false representations.  Indeed, Plaintiff purchased the Product under the belief that they contained "NO artificial flavors."  Plaintiff relied on Defendants' packaging, labeling, marketing and website and would not have purchased the Product or paid a premium for them if she had known that they did not have the characteristics, ingredients, uses, benefits, or quantities as represented vis-à-vis the Claims.

11

**CLASS ACTION COMPLAINT**

39.     The Defendants' misrepresentations regarding the Claims were material insofar as consumers relate to Trader Joe's Claims as indicative of healthier foods and tend to be willing to pay a price premium for healthier foods.  The Defendants are aware of consumer preference for healthier products and therefore have implemented a strategic false advertising and marketing campaign intended to deceive consumers into thinking that the Product contains no artificial flavors, even though they contain unlisted processed ingredients including DL-malic acid, an artificial flavor.

40.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually.  Plaintiff will be able to provide notice by mail and by publication once class discovery is conducted and all necessary information is obtained from the Defendants.

41.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

42.     Defendants have acted on grounds generally applicable to the Classes as a whole, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Classes as a whole. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants.

43.     Absent a class action, Defendants are likely to retain the benefits of their wrongdoing. Because of the small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein. Absent a

**CLASS ACTION COMPLAINT**

representative action, the class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

44.    Excluded from the class are the Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

45.    Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

46.    This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

**FIRST CAUSE OF ACTION**
Violations of California Civil Code § 1750, *et seq.*
By Plaintiff and the Proposed Sub-Class against Defendants
(Injunctive Relief Only with Reservation)

47.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.    Plaintiff and the Sub-Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Product are each a "good" as defined by Cal. Civ. Code § 1761(a).

49.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." The Defendants have violated § 1770(a)(5) insofar as the Claims constitute characteristics, ingredients and/or benefits that the Product does not have.

50.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a) (7), expressly prohibits "[r]epresenting that goods or services are of a particular standard, quality, or

13

**CLASS ACTION COMPLAINT**

grade, or that goods are of a particular style or model, if they are of another." The Defendants have violated § 1770(a)(7) insofar as the Product are represented as containing "NO artificial flavors" which constitutes a particular quality or grade, when in truth they contain an artificial flavor.

51.     The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised." The Defendants have violated § 1770(a)(9) insofar as the Product have been advertised with the Claims, but are not advertised or sold in a manner consistent with the Claims.  Because the Defendants know that the Product contain additional unlisted artificial flavors, the Defendants intended not to the sell the Product as advertised, in violation of the CLRA.

52.     The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(16), expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  The Defendants have violated § 1770(a)(16) insofar as the Defendants have represented that the Plaintiff and Sub-Class have been supplied with a Product that contains "NO artificial flavors" when they have not.

53.     Plaintiff and the proposed Sub-Class of California class members suffered injuries caused by Defendants because they would not have purchased the Product if the true facts were known concerning the Defendants' false and misleading Claims.

54.     On or about July 10, 2018, prior to filing this action, a notice letter was served on Defendants advising the Defendants that they are in violation of the CLRA and demanding remedies for Plaintiff and class members in accordance with Cal. Civ. Code 1782(a), which is attached as "Exhibit A".

55.     Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA.  In compliance with Cal. Civ. Code 1782(d), Plaintiff has executed the affidavit of venue attached hereto as "Exhibit B" and filed concurrently herewith.

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION
Violations of California Business & Professions Code §§17500, *et seq.*
By Plaintiff and the Proposed Sub-Class against Defendants

56.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Pursuant to Cal. Bus. & Prof. Code §§ 17500, *et seq.*, it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

58.     Defendants committed acts of false advertising, as defined by §17500, by making the Claims regarding the Product because those claims are false and misleading.

59.     Because the Defendants' Product contain unlisted artificial flavors, Defendants knew or should have known through the exercise of reasonable care that the Claims regarding the Product were false, untrue and misleading to Plaintiff and class members.

60.     Defendants' actions in violation of § 17500 were false and misleading such that the Plaintiff, the Proposed Sub-Class and the general public are and were likely to be deceived.

61.     Plaintiff and the Proposed Sub-Class lost money or property as a result of Defendants' false advertising violations, because they would not have purchased or paid a premium for the Product if they had not been deceived by the false Claims.

62.     Plaintiff and the Proposed Sub-Class paid a premium for the Product due to their reliance on the Claims and on the Defendants' good faith and reputation.

15

## CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION
For Breach of Express Warranty
Violations of Cal. Com. Code § 2313(1)
By Plaintiff and the Proposed Sub-Class against the Defendants

63.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64.    Defendants made representations, promises and/or affirmations of fact constituting express warranties regarding the Claims, which formed a basis of the bargain on which the Plaintiff and the Proposed Sub-Class relied in purchasing the Product.

65.    The Defendants breach the express warranties by selling the Product in contravention of the express warranties insofar as the Product contained artificial and/or synthetic flavors.

66.    Defendants' breach of the express warranties were the actual and proximate cause of damage to the Plaintiff and the Proposed Sub-Class including, *inter alia*, the loss of the purchase prices and/or the payment of a price premium in connection with their purchase of the Product.

67.    Plaintiff provided written notice of breach to the Defendants, who failed to adequately respond or remedy the breach.

68.    Accordingly, Plaintiff and the Proposed Sub-Class seek actual damages arising from the Defendants' breach of express warranty.

### FOURTH CAUSE OF ACTION
For Breach of the Implied Warranty of Merchantability
Violations of Cal. Com. Code § 2314
By Plaintiff and the Proposed Sub-Class against the Defendants

69.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

70.    Defendants made representations in the form of marketing and product labeling setting forth the Claims.  The Defendants are merchants that sold the Product to Plaintiff and the

16

**CLASS ACTION COMPLAINT**

Proposed Sub-Class, which carried with it an implied warranty that the Product were merchantable.

71.    The Defendants breach the implied warranty in that the Claims regarding the Product were false.

72.    As an actual and proximate result of the Defendants' breach of implied warranty, Plaintiff and the Proposed Sub-Class did not receive the Product in a manner that conformed to the promises and affirmations made on the labels and in the marketing thereof, in violation of Cal. Com. Code § 2314(2)(f).

73.    Plaintiff provided written notice of breach (Please refer to Exhibit A) to the Defendants, who failed to adequately respond or remedy the breach.

74.    Accordingly, Plaintiff and the Proposed Sub-Class seek actual damages arising from the Defendants' breach of implied warranty.

## FIFTH CAUSE OF ACTION
For Fraud
By Plaintiff and Proposed Class against Defendants

75.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

76.    Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.

77.    As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information in connection with the Claims and failed to disclose material facts about the Product.

78.    Defendants misrepresented the nature and content of the Product by making the false Claims.

79.    The Defendants' misrepresentations and omissions were made with knowledge of the falsehood thereof or in conscious disregard of the likelihood of their falsehood.

17

**CLASS ACTION COMPLAINT**

80.     The misrepresentations and/or omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Proposed Class members to purchase the Product.

81.     The fraudulent actions of Defendants caused damage to Plaintiff and the Proposed Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION

For Negligent Misrepresentation
By Plaintiff and Proposed Class against Defendants

82.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

83.     Plaintiff brings this claim individually and on behalf of the Proposed Class against Defendants.

84.     Defendants misrepresented the nature, quality and ingredients of the Product. Defendants had a duty to disclose this information.

85.     At the time Defendants made the false Claims and representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

86.     Defendants negligently misrepresented and omitted material facts about the Product, in that they were not "made with No artificial flavors" and in fact contained the synthetic flavor additive DL-malic acid, a known petrochemical.  Plaintiff and the Proposed Class relied upon the negligent statements or omissions and were deceived and induced into purchasing the Product.

87.     The negligent misrepresentations and/or omissions made by Defendants, upon which Plaintiff and the Proposed Class members reasonably and justifiably relied, were intended

## CLASS ACTION COMPLAINT

to induce and actually induced Plaintiff and the Proposed Class members to purchase the Product.

88.    Plaintiff and Class members would not have purchased the Product and/or would not have paid a price premium therefore, if the true facts had been known to them regarding the falsity of the Claims.

89.    The negligent actions of Defendants caused damage to Plaintiff and the Proposed Class members, who are entitled to damages and other legal and equitable relief as a result.

**SEVENTH CAUSE OF ACTION**
For Violation Cal. Bus. & Prof. Code § 17200, *et seq*.
By Plaintiff and Proposed Sub-Class against Defendants

90.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

91.    Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against Defendant.

92.    Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL").  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

93.    Defendants know and have known that the Claims are false, deceptive and misleading as a result of the presence of processed ingredients in the Product.

94.    The foregoing acts and omissions by the Defendants constitute unfair, fraudulent business acts or practices and false advertising.

95.    As alleged hereinabove, the false, deceptive and misleading Claims by the Defendants are and were likely to deceive the Plaintiff, the Proposed Sub-Class, reasonable consumers and members of the general public and are therefore "fraudulent" within the meaning of the UCL.

**CLASS ACTION COMPLAINT**

96.     The foregoing violations of the Consumer Legal Remedies Act, the False Advertising Law and the California Commercial Code constitute "unlawful" business practices within the meaning of the UCL.

97.     Under the facts alleged hereinabove, the Defendants have also violations the Federal Food, Drug and Cosmetic Act [21 C.F.R. §§ 301, 343(a)] and the California Sherman Food & Drug and Cosmetic Act [Cal. Health & Safety Code § 109875], both of which constitute unlawful business practices within the meaning of the UCL.

98.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  The harm is substantial given the fact consumers are misled as to the nature of the Product and Claims and Plaintiff and the Proposed Sub-Class have thereby been deceived and misled into unfairly paying premium prices.

99.     Defendants have specific knowledge that its natural flavoring claims are false and misleading, but continued to market the Product with the intent of making substantial profits based on the unfair, fraudulent, deceptive practices alleged herein.

100.    The Defendants' conduct is also unfair given the profits derived from the sale of the Product at the expense of consumers as a result of the false and misleading Claims.

101.    Defendant violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about the Product vis-à-vis the Claims which are/were likely to deceive the Plaintiff, the Proposed Sub-Class, reasonable consumers and the general public.

102.    Plaintiff, the Class, and the Sub-Class lost money or property as a result of Defendants' UCL violations because they would not have purchased the Product, would not have purchased the amount of Product they purchased, and/or would not have paid the premium price they paid for the Product if the true facts were known concerning the false and misleading Claims.

**CLASS ACTION COMPLAINT**

103.    Defendants' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for Defendants' wrongful conduct is outweighed by the adverse effects of such conduct.

104.    Plaintiff and the Sub-Class members could not reasonably avoid the harm caused by Defendants' wrongful practices. Assuming, arguendo, that Defendants' practices are/were not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be tethered to the public policies expressed therein. Thus, Defendants engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

105.    Plaintiff, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.  For an order certifying the nationwide Class and the Sub-Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b.  For an order certifying Plaintiff as the representative of the Class and Sub-Class and Plaintiff's attorneys as Class Counsel to represent members of the Class and Sub-Class;

c.  For an order declaring the Defendants' conduct violates the statutes and laws referenced herein;

d.  For an order to correct, destroy, and change all false and misleading labeling and website based representations relating to the Claims;

e.  For an order finding in favor of Plaintiff, the Class and the Sub-Class on all counts asserted herein;

f.  For compensatory and punitive damages in amounts to be determined;

g.  For prejudgment interest on all amounts awarded;

21

**CLASS ACTION COMPLAINT**

h.  For an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief;

i.  For injunctive relief as pleaded or as the Court may deem proper; and

j.  For an order awarding Plaintiff, the Class, and the Sub-Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: July 11, 2018                    **LAW OFFICES OF ROSS CORNELL, APC**

By:        */s/ Ross Cornell*
Ross Cornell, Esq.
Attorneys for Plaintiff,
LISA SANCHEZ and the Proposed Classes

22

**CLASS ACTION COMPLAINT**

**EXHIBIT A**

LAW OFFICES OF

# ROSS CORNELL

A PROFESSIONAL CORPORATION

111 W. Ocean Blvd., Suite 400 • Long Beach, California 90802
Telephone (562) 612-1708 • Facsimile (562) 394-9556
ROSS.LAW@ME.COM

July 10, 2018

*__Via Certified Mail - Return Receipt Requested__*

Trader Joe's Company
800 S. Shamrock Ave.
Monrovia, CA 91016

T.A.C.T. Holdings, Inc.
800 S. Shamrock Ave.
Monrovia, CA 91016

Re:    *Demand Letter Pursuant to California Civil Code § 1782, U.C.C. §§ 2-313, 2-314, and other applicable laws.*

To Whom It May Concern:

This letter serves as a notice and demand for corrective action on behalf of Lisa Sanchez ("Ms. Sanchez") and all other persons similarly situated, arising from breaches of warranty and violations of numerous provisions of California including the Consumers Legal Remedies Act, Civil Code § 1770, including but not limited to subsections (a)(5), (7), and (9). This letter also serves as notice pursuant to Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A) concerning the breaches of express and implied warranties described herein.

You have participated in the manufacture, marketing, and sale of the following Products, including, but not limited to:

- *Trader Joe's T's & J's Sour Gummies*

The foregoing product will be referred to herein as the "Product."

On the Products' labels and website, you misrepresent the Product as consisting of natural ingredients and/or flavoring. Specifically, the labels (front) of the Products include words and/or pictures representing words "Lemon", "Grapefruit", "Lime", and "Tangerine." In addition, you market your privately labeled products through national marketing campaigns, including, online and in-store marketing, as containing only natural ingredients and/or flavors. Likewise, you provide a guaranty that products labeled with the Trader Joe's name contain "no artificial flavors," which you define as "synthetic chemical mixtures that mimic a natural flavor in some way." The Product contains a synthetic petrochemical called DL-malic acid, such that your representations that the Product contains "no artificial flavors" is false, misleading and deceptive.

Sanchez v. Trader Joe's, et al.
July 10, 2018
Page 2 of 5


Below is a picture of the Product that prominently displays words of fruits, implying that the Product is all natural and contains no artificial flavors:



These representations regarding the Product are false and misleading because the Product contains undisclosed artificial flavors, including DL-malic acid, and you have decided to promote the Products in a manner that hides this fact and misleads consumers into believing the Product contains no artificial flavors and that it is a natural product.

Ms. Sanchez is a resident of California, and has purchased the Product based on labeling and the marketing of the Product as containing natural ingredients and/or no

Sanchez v. Trader Joe's, et al.
July 10, 2018
Page 3 of 5

artificial flavoring.  She would not have purchased or would have paid significantly less for the Product if the labels had truthfully stated that the Product consisted of artificial ingredients and/or flavoring.  Ms. Sanchez purchased the Products within the past three years on multiple occasions from Trader Joe's retail locations in California.

Ms. Sanchez is acting on behalf of a class defined as all persons nationwide and in California, who purchased the Products (hereafter, the "Classes").  Similar classes of purchasers of different products have been certified recently on similar grounds, which will be the same result here should you fail to take corrective action as demanded herein.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Our client contends that you violated § 1770(a)(5) insofar as you have represented that the Product has characteristics, ingredients and/or benefits that it does not have, including that it is made with "no artificial flavors" when, in fact, it contains a synthetic petrochemical.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a) (7), expressly prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  You violated § 1770(a)(7) insofar as the Product is represented as containing no artificial flavors, when in truth it is made with synthetic flavors not identified on the label, including DL-malic acid, and is not, therefore, made with "no artificial flavors."

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  You violated § 1770(a)(9) insofar as the Product has been advertised with claims that it is made with "no artificial flavors" but is not sold in a manner consistent with those claims.  Because you know that the Product consists of synthetic petrochemical artificial flavor ingredients not identified on the product packaging, you intended not to the sell it as advertised, in violation of the CLRA.

The California Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(16), expressly prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  You violated § 1770(a)(16) insofar as you have represented that the Plaintiff and similarly situated consumers have been supplied with a Product made with "no artificial ingredients" when they have not.

Our client and others reasonably relied on the language advertised by you in promoting, marketing, labeling and selling the Products.  Our client and others are, therefore, the victims of a planned pattern and scheme of misleading advertising regarding the advertising, promotion, and sale of goods that violates the CLRA.  Your pattern and practice of violating the CLRA and falsely advertising "no artificial flavors" and related health claims constitute unfair business practices within the meaning of

Sanchez v. Trader Joe's, et al.
July 10, 2018
Page 4 of 5


California Business and Professions Code § 17200 and false advertising pursuant to § 17500. Furthermore, the aforementioned conduct constitutes a violation of Cal. Com. Code § 2313(1) and 2314 and the rules regarding express and implied warranties.

**YOU HAVE THIRTY (30) DAYS** from the date on which this notice is served upon you to correct, repair, replace, or otherwise rectify the foregoing violations as to our client and all aggrieved consumers. Our client demands that you immediately cease the unlawful business practices described herein, disgorge the profits derived from these unlawful business practices and false advertising, and make restitution to our client and all similarly situated purchasers of the Product, without limitation.

**FAILURE TO TAKE ACTION WITHIN 30 DAYS OF THE RECEIPT OF THIS NOTICE SHALL RESULT IN THE FILING OF A CIVIL LAWSUIT IN U.S. DISTRICT COURT** for damages, restitution and injunctive relief and all other appropriate relief on behalf of our client and all others similarly situated pursuant to *Cal. Civil Code* § 1780, *et seq.*, *Cal. Business and Prof. Code* §§ 17200 and 17500 and for statutory damages, punitive damages, treble damages, and attorney fees and costs as authorized by law.

Any response hereto shall be provided in written format and shall be clear and understandable and mailed via certified mail to the following addresses:

Ross Cornell, Esq.
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802

Reuben D. Nathan, Esq.
600 W Broadway, Ste. 700
San Diego, CA 92101-3370

**NOTICE AND DEMAND TO PRESERVE EVIDENCE.** This letter also constitutes notice to Trader Joe's that it is not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above- referenced matter, including but not limited to documents that relate to your processes for advertising products online, your process for creating marketing materials and product labels regarding the Product, including, but not limited to, the following:

1. All documents concerning the ingredients, formula, and manufacturing process for the Product;

2. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning product development, manufacturing, marketing and sales of the Product;

Sanchez v. Trader Joe's, et al.
July 10, 2018
Page 5 of 5

3. All documents concerning the advertisement, marketing, labeling, distribution, or
   sale of the Product;

4. All communications with customers concerning complaints or comments
   concerning the Product; and

5. All media content addressing the presence or lack of artificial flavors regarding
   the Product.

We look forward to your written response.  If you fail to adequately redress the
matters set forth herein within thirty (30) days, be advised that we will seek damages
under Civil Code § 1780 on a class-wide basis.  Be advised that Ms. Sanchez is acting on
behalf of a class defined as all persons nationwide and in California who purchased the
Products.  A similar class of purchasers of different products has been certified in a
separate action on similar grounds, which will be the result in the instant matter should
you fail to take appropriate corrective action.  In order to assure that your obligation to
preserve documents and things will be met, please forward a copy of this letter to any and
all persons and entities with custodial responsibilities for the items referred to herein and
other relevant evidence.

To cure the defects described above, we demand that you (1) cease and desist
from continuing to mislabel the Product, (2) issue an immediate recall on any Product
bearing misleading "no artificial flavors" related statements; and (3) make full restitution
to all purchasers of the Product of all purchase money obtained from sales thereof.

We are willing to negotiate to attempt to resolve the demands asserted in this
letter.  If you wish to enter into such discussions, please contact me immediately.  If I do
not hear from you promptly, I will conclude that you are not interested in resolving this
dispute short of litigation.  If you contend that any statement in this letter is inaccurate in
any respect, please provide us with your contentions and supporting documents promptly.

Very truly yours,

*/s/Ross Cornell*
Ross Cornell, Esq.

**EXHIBIT B**

DocuSign Envelope ID: 59BD861B-95F1-4EDD-9FFD-CB97F8541001

## VENUE DELCARATION
CAL. CIV. CODE §1780(d)

I, Lisa Sanchez, declare as follows in accordance with California Civil Code Section 1780(d):

1.      I am the plaintiff in this action and I am a citizen of the state of California.  I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.

2.      The complaint filed in this action is filed in the proper place for trial pursuant to California Civil Code Section 1780(d) because the Defendants, Trader Joe's Company and T.A.C.T. Holdings, Inc.  ("Defendants") conduct substantial business in this District, Plaintiff purchased Defendants' products in the District, and Plaintiff resides in the District.

3.      I purchased Trader Joe's Company and T.A.C.T. Holdings, Inc. brand products "*Trader Joe's T's & J's Sour Gummies*" (products) from stores located in Orange and Los Angeles County, California.  I relied on the Defendant's false and misleading advertising that the products contained NO artificial flavors and that they are natural, wholesome food products which was a substantial factor influencing my decision to purchase the products.

4.      If I were aware that the Defendant's products contained the artificial flavor DL-malic acid and that they were not products that contained NO artificial flavors, I would not have purchased them.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed on July 11, 2018 in Long Beach, California.

_____
Lisa Sanchez